1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10                   **WESTERN DIVISION**

11   **DAMONE DANIEL,**                     )
12                    **Plaintiff,**         )        **No. CV 14-9305 VAP (AJW)**
                                             )
13                    **v.**                 )        **SUPPLEMENTAL**
                                             )        **REPORT AND RECOMMENDATION**
14   **CITY OF LOS ANGELES, et al.,**        )        **OF MAGISTRATE JUDGE**
                                             )
15                                           )
                     **Defendants.**         )
16   _____)

17

18          Plaintiff and defendant Ralphs Grocery Company ("Ralphs") timely filed objections to the

19   Report and Recommendation ("Report"). [See Docket Nos. 130, 131].

20          Plaintiff objects to the Report on the ground that he was incarcerated from July 30, 2015 until

21   October 24, 2015 and therefore his failure to file opposition to the motions to dismiss should be

22   excused.  That objection lacks merit.  Plaintiff has not demonstrated that his incarceration prevented

23   him from responding in any fashion to the motions to dismiss on or before November 6, 2015, his

24   deadline to file opposition to the motions to dismiss.  At a minimum, plaintiff could have filed a

25   timely request for an extension of time between his release on October 24, 2015 and the November

26   6, 2015 deadline.  Furthermore, plaintiff did nothing to respond to the notices defendants filed

27   between November 11, 2015 and November 13, 2015 advising the court of his failure to file

28   opposition to the motions to dismiss.  Instead, he waited until after the Report was filed to contend

that he was unable to comply with his obligation to file a timely opposition or a timely request for an extension of time.  Plaintiff's objections lack merit.

Ralphs agrees with the recommended dismissal of this action under Rule 41(b) but objects to the Report on the ground that it sought and is entitled to relief in addition to dismissal. Specifically, Ralphs contends that since it moved not only to dismiss plaintiff's federal and state claims but also to strike his state law claims under California's "anti-SLAPP" (strategic lawsuit against public participation) statute and for an award of attorneys' fees under that statute, plaintiff's state law claims should be stricken, and attorneys' fees should be awarded to Ralphs.  See generally Cal. Civ. Proc. Code § 425.16.

In its motion to dismiss, Ralphs contended that plaintiff's state law claims against it should be dismissed in their entirety under Rule 12(b)(6) on the grounds that: (1) the complaint fails to state a federal claim, and the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims since "no other basis for jurisdiction exists"; and (2) even if the court were to exercise jurisdiction over those claims and consider them, they fail on multiple grounds, including absolute privilege and failure to state a claim. [See Docket No. 120 at 11-17].  As an alternative and independent ground for relief, Ralphs contended that under the anti-SLAPP statute, plaintiff's state law claims should be stricken in their entirety and attorneys' fees should be awarded to Ralphs. [See Docket No. 120 at 18-20].

If the Report is adopted and this action is dismissed in its entirety, Ralphs will have received all of the relief it requested with respect to plaintiff's federal and state claims.  Furthermore, Ralphs failed adequately to support its attorney fee motion under the anti-SLAPP statute. "The California anti-SLAPP statute should be applied in federal court as it is in state court."  Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002) (citing United States v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972–973 (9th Cir. 1999)).  Although the prevailing party on an anti-SLAPP motion is entitled to recover attorney fees, that party "necessarily bears the burden of persuasion on the elements of that claim," Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008), and "bears the burden of submitting detailed time records justifying the hours claimed to have been expended. " Metabolife Int'l, 213 F. Supp. 2d at 1221-1222 (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986)).  Attorneys' fees awarded under the

anti-SLAPP statute must be reasonable and supported by substantial evidence. <u>Kearney</u>, 553 F. Supp. 2d at 1185; <u>Metabolife Int'l</u>, 213 F. Supp. 2d at 1221-1222.

Ralphs elected to include a motion for attorneys' fees in its motion to dismiss, but it failed to submit any supporting documentation establishing the amount or reasonableness of such a request. Therefore, Ralphs' contention that the Report should have recommended an award of attorneys' fees in its favor lacks merit.

For the foregoing reasons, the objections filed by plaintiff and by Ralphs do not warrant changing the Report.

December 10, 2015

ANDREW J. WISTRICH
United States Magistrate Judge

-3-